DATE FILED: October 23, 2015 2:36 PM
FILING ID: 9563E8737C434
CASE NUMBER: 2015CV30911

| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY STATE OF COLORADO<br>Larimer County Justice Center<br>201 La Porte Ave., Suite 100<br>Fort Collins, CO 80521-2761<br>Telephone: 970-494-3500 | |
| **Plaintiff:**<br>OTTER PRODUCTS, LLC, a Colorado limited liability company,<br>v.<br>**Defendant:**<br>WIRELESS XCESSORIES GROUP, INC., a Delaware corporation. | ▲ COURT USE ONLY ▲<br><br>Case Number:<br>Courtroom: |
| Attorneys for Plaintiff Otter Products, LLC:<br>Lauren E. Schmidt, Colo. Atty. Reg. No. 37002<br>Kerry LeMonte, Colo. Atty. Reg. No. 42447<br>Elizabeth G. Tillotson, Colo. Atty. Reg. No. 48254<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>410 Seventeenth Street, Suite 2200<br>Denver, Colorado 80202-4432<br>Telephone: 303.223.1100<br>E-mail: lschmidt@bhfs.com;<br>klemonte@bhfs.com; etillotson@bhfs.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Otter Products, LLC ("OtterBox"), by and through its undersigned attorneys, brings the following Complaint against Defendant Wireless Xcessories Group, Inc. ("Wireless Xcessories").

## NATURE OF ACTION

1. This is a breach of contract and trademark infringement action based upon Wireless Xcessories' failure to comply with the terms of the parties' 2014 Distributor/Reseller Agreement and Wireless Xcessories' infringing and unlawful use of OtterBox's trademarks and goodwill.

## PARTIES

2. Plaintiff OtterBox is a Colorado limited liability company with its principal place of business at 209 S. Meldrum Street, Fort Collins, Colorado 80521.

3. Upon information and belief, Defendant Wireless Xcessories is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Huntingdon Valley, Pennsylvania.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action because Defendant Wireless Xcessories transacted business in Colorado within the meaning of C.R.S. § 13-1-124(1)(a).

5. Venue is proper in this Court in accordance with Colorado Rule of Civil Procedure 98(c).

6. Wireless Xcessories also consented to the jurisdiction of this Court and agreed that this Court is a proper venue for this dispute in Article XI, Section 7 of its Distributor / Reseller Agreement with OtterBox.

## GENERAL ALLEGATIONS

### A. OtterBox's Distributor / Reseller Agreement with Wireless Xcessories

7. The global leader in protection for handheld technology, OtterBox designs and manufactures protective cases for electronic devices, including mobile phones, music players, iPads, and PDAs ("Protective Cases").

8. Wireless Xcessories is a company that distributes phone parts and Protective Cases to retail stores and outlets. Essentially, Wireless Xcessories is a "middleman" who purchases Protective Cases from manufacturers such as OtterBox and then sells such Protective Cases to retailers who in turn sell them to consumers.

9. On December 30, 2011, OtterBox and Wireless Xcessories entered into a Distributor / Reseller Agreement (the "Agreement").

10.     The Agreement was modified, in part, by a Program Agreement dated December 30, 2011; a Side Letter dated December 30, 2011; a Program Agreement dated June 11, 2012; a Program Agreement dated January 1, 2013; a First Amendment dated October 7, 2013; and a Second Amendment dated January 1, 2014.

11.     The Agreement gave Wireless Xcessories a non-exclusive right to distribute and resell certain OtterBox products to specified customers within specified territories.

12.     Under the payment terms in the Agreement, Wireless Xcessories was required to pay OtterBox for all purchases of OtterBox products within thirty days from the date of OtterBox's invoice, with approved credit.

13.     Under Article II, Section 5 of the Agreement, Wireless Xcessories is required to pay interest at the rate of 1.5% per month on invoices not paid in full when due.

14.     In Article V, Section 2 of the Agreement (as amended by the First Amendment), OtterBox also granted Wireless Xcessories a non-exclusive, non-transferable, limited license to use OtterBox's logos, trademarks and trade names on promotional material consistent with OtterBox's brand guidelines and only upon OtterBox's prior written approval.  This license was only valid during the term of the parties' Agreement.

15.     Upon termination of the Agreement, Wireless Xcessories agreed to immediately cease use of any OtterBox logos, trademark and tradenames.

16.     In Article V, Section 2 of the Agreement (as amended by the First Amendment), Wireless Xcessories also expressly acknowledged that Wireless Xcessories has no right, title or interest in or to any intellectual property of OtterBox, and that OtterBox retained ownership of all rights, title and interest in and to its intellectual property.

17.     The Agreement contains multiple provisions regarding the parties ability to terminate it.  Relevant to this case, Article VIII, Section 1 authorized either party to terminate the Agreement without cause upon ninety days' written notice.

**B.     OtterBox's Termination of the Distributor / Reseller Agreement and Wireless Xcessories' Failure to Pay Amounts Due**

18.    At the time OtterBox and Wireless Xcessories entered into the Agreement, Wireless Xcessories was one of several Master Distributors for OtterBox.

19.    In late summer 2014, OtterBox's sales team performed a comprehensive review of OtterBox's distribution strategy. Ultimately, OtterBox decided to streamline its distribution network by reducing the number of Master Distributors.

20.    In order to decide which of its approximately twelve distributors to retain, OtterBox conducted an internal performance review of its distribution partners.

21.    Based both on OtterBox's streamlined distribution strategy and Wireless Xcessories performance relative to OtterBox's other Master Distributors, OtterBox decided to terminate Wireless Xcessories' contract.

22.    On October 27, 2014, OtterBox sent Wireless Xcessories a letter under Article IIII, Section 1 of the Agreement giving Wireless Xcessories the required ninety days' notice that OtterBox would terminate the parties' agreement on January 31, 2015.

23.    During the ninety days following the termination notice, OtterBox continued to operate under the Agreement. OtterBox shipped Wireless Xcessories products in good faith and invoiced Wireless Xcessories for those products in accordance with the terms of the Agreement.

24.    OtterBox also worked with Wireless Xcessories to ease the transition. Among other things, OtterBox offered to work out a payment plan with Wireless Xcessories to satisfy Wireless Xcessories' outstanding obligations to OtterBox.

25.    Although OtterBox continued to ship products to Wireless Xcessories during the ninety-day window before the Agreement terminated, Wireless Xcessories did not make any payments to OtterBox following OtterBox's October 27, 2014 termination notice.

26.    The Agreement terminated on January 31, 2015.

27. OtterBox has made repeated written demands for payment to Wireless Xcessories. To date, Wireless Xcessories has not paid OtterBox for products delivered after the termination notice.

28. Wireless Xcessories' failure to pay OtterBox constitutes a breach of the Agreement.

29. As of October 9, 2015, Wireless Xcessories owes OtterBox $4,672,424.45 in unpaid principal and approximately $676,609.41 in unpaid interest under the Agreement.

## C. OtterBox's Rights in the OtterBox Marks

30. Since at least 2007, OtterBox has used, and continues to use, the mark OTTERBOX extensively in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of OtterBox's products and services, including but not limited to the sale of Protective Cases throughout the United States and the world.

31. Additionally, OtterBox's products and services are protected by a valuable portfolio of federal trademark registrations. Included in OtterBox's trademark portfolio are the following registrations:

   a. U.S. Serial Nos. 77723375, 85924136, 85924536 for the word-mark OTTERBOX in Classes 009, 035, and 042.

   b. U.S. Serial Nos. 86428654, 86740454, and 85817292 for stylized OTTERBOX marks in Classes 009 and 035.

32. OtterBox also owns U.S. Reg. Nos. 86509939 and 85531307 in Classes 009 and 035 for the distinctive OtterBox design logo shown below:



33. OtterBox's federally registered and common law trademarks referenced in paragraphs 31-32 above are referred to collectively as the "OtterBox Marks."

34. By virtue of OtterBox's long and widespread use of the OtterBox Marks, the OtterBox Marks are widely recognized by the public as brand identifiers for OtterBox's goods and services and the OtterBox Marks have developed extensive goodwill in the market.

35. Based on OtterBox's extensive and exclusive use of the OtterBox Marks in commerce, OtterBox owns broad common law trademark rights in the OtterBox Marks for a variety of goods and services, including the sale of Protective Cases.

36. Based on its federal trademark registrations and extensive use, OtterBox also owns the exclusive right to use the OtterBox Marks in Colorado and throughout the nation in connection with a variety of goods and services, including the sale of Protective Cases.

**D.  Wireless Xcessories' Infringement of the OtterBox Marks**

37. Since the Agreement terminated on January 31, 2015, Wireless Xcessories continues to use and display the OtterBox Marks prominently on its own website in connection with its own products and services, in violation of the Agreement. A true and correct copy of Wireless Xcessories' website, http://www.wirexgroup.com/, is attached hereto as Exhibit 1.

38. Wireless Xcessories' unauthorized use of the OtterBox Marks creates a likelihood of confusion, mistake and deception as to the affiliation, connection, association, origin, sponsorship or approval of its goods and services by or with OtterBox, all to OtterBox's irreparable loss and damage.

39. Upon information and belief, consumers are likely to be misled into believing that Wireless Xcessories' products and services, including its sale of Protective Cases, are offered by, licensed by, sponsored by or otherwise approved by OtterBox.

40. Upon information and belief, Wireless Xcessories has been on actual notice of OtterBox's rights in the OtterBox Marks as of at least 2011 when Wireless Xcessories entered into the Agreement.

41. Upon information and belief, with Wireless Xcessories' use of the OtterBox Marks in connection with the sale of Protective Cases, Wireless Xcessories was and is attempting to trade on the goodwill associated with the OtterBox Marks, and to create an association between its products services and the products and services associated with the OtterBox Marks, in a manner that is likely to harm the goodwill represented by the OtterBox Marks.

42. Upon information and belief, Defendant's use of the OtterBox Marks is willful, in bad faith, and with full knowledge of OtterBox's prior use of, exclusive rights in and ownership of the OtterBox Marks, with full knowledge of the goodwill and reputation associated with the OtterBox Marks, and with full knowledge that Wireless Xcessories has no right, license or authority to use the OtterBox Marks or any other mark confusingly similar thereto.

43. Wireless Xcessories' conduct has caused and is causing immediate and irreparable injury to OtterBox for which there is no adequate remedy at law and will continue to both damage OtterBox and deceive the public unless enjoined by this Court.

44. OtterBox has been damaged by Wireless Xcessories' misconduct in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract –
### Violation of Payment Obligations in the Agreement)

45. OtterBox hereby incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully incorporated herein.

46. OtterBox and Wireless Xcessories had an express contract for Wireless Xcessories' distribution and resale of OtterBox products.

47. OtterBox performed all of its obligations under the parties' contract.

48. Wireless Xcessories materially breached the contract by failing to pay OtterBox for the purchase of OtterBox products.

49. OtterBox has suffered damages as a result of Wireless Xcessories' material breaches of the Agreement. Specifically, as of October 9, 2015, Wireless Xcessories owes OtterBox $4,672,424.45 in unpaid principal and approximately $676,609.41 in unpaid interest under the Agreement.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract –
### Violation of Limited License in the Agreement as to OtterBox Marks)

50. OtterBox hereby incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully incorporated herein.

51. OtterBox and Wireless Xcessories had an express contract for Wireless Xcessories' distribution and resale of OtterBox products, which included a non-exclusive, non-transferable, limited license to use OtterBox's logos, trademarks and trade names on promotional material consistent with OtterBox's brand guidelines and only upon OtterBox's prior written approval during the duration of the Agreement only.

52. OtterBox performed all of its obligations under the parties' contract.

53. Wireless Xcessories materially breached the contract by its continued use of the OtterBox Marks after termination of the Agreement on January 31, 2015.

54. OtterBox has suffered damages as a result of Wireless Xcessories' material breaches of the Agreement in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Infringement of the OtterBox Marks –
### 15 U.S.C. § 1114)

55. Wireless Xcessories intentionally and knowingly used and continues to use, in commerce, reproductions, counterfeits, copies and/or colorable imitations of the OtterBox Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with OtterBox.

56. Wireless Xcessories' use of the OtterBox Marks has created a likelihood of confusion among consumers who will falsely believe that Wireless Xcessories is associated with OtterBox or that OtterBox has sponsored or approved of Wireless Xcessories' products, services or commercial activities.

57. Wireless Xcessories' continued and knowing use of the OtterBox Marks without OtterBox's consent or authorization constitutes intentional infringement of OtterBox's federal registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58. As a direct and proximate result of Wireless Xcessories' infringement, OtterBox has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

59. In addition to monetary damages, OtterBox is entitled to preliminary and permanent injunctive relief preventing Wireless Xcessories' continued infringement of OtterBox's rights in the OtterBox Marks.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition: False Designation of Origin as to the OtterBox Marks – 15 U.S.C. § 1125(a)(1)(A))

60. OtterBox incorporates the allegations in the preceding paragraphs as if fully set forth herein.

61. Wireless Xcessories' unauthorized use of the OtterBox Marks constitutes intentional conduct by Wireless Xcessories to make false designations of origin and false descriptions about Wireless Xcessories' services, products and commercial activities, in violation of 15 U.S.C. § 1125(a)(1)(A).

62. Wireless Xcessories' actions have created a likelihood of confusion among consumers who will falsely believe that the services and products Wireless Xcessories offers are produced by, affiliated with, or associated with OtterBox.

63. OtterBox is informed and believes and thereon alleges that Wireless Xcessories acted knowingly, deliberately, and willfully with the intent to trade on OtterBox's reputation.

64. Wireless Xcessories' conduct is willful, wanton and egregious.

65. As a direct and proximate result of Wireless Xcessories' infringement, OtterBox has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

66. In addition to monetary damages, OtterBox is entitled to preliminary and permanent injunctive relief preventing Wireless Xcessories' continued infringement of OtterBox's rights in the OtterBox Marks.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement of the OtterBox Marks)

67. OtterBox incorporates the allegations in the preceding paragraphs as if fully set forth herein.

68. By virtue of having used and continuing to use the OtterBox Marks, OtterBox has acquired common law trademark rights in the marks.

69. Wireless Xcessories' use of the OtterBox Marks infringes upon OtterBox's interest in common law trademark rights in the OtterBox Marks and is likely to cause confusion, mistake, or deception among consumers, who will believe that Wireless Xcessories' services originate from, are affiliated with, or are endorsed by OtterBox when, in fact, they are not.

70. As a direct and proximate result of Wireless Xcessories' infringement, OtterBox has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

71. In addition to monetary damages, OtterBox is entitled to preliminary and permanent injunctive relief preventing Wireless Xcessories' continued infringement of OtterBox's rights in the OtterBox Marks.

## DEMAND FOR JURY TRIAL

OtterBox requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, OtterBox prays as follows on all claims of its Complaint:

A. Entry of judgment in favor of OtterBox and against Wireless Xcessories, in an amount to be determined at trial, including contractual interest;

B. That the Court declare that Wireless Xcessories has committed trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a) and the common law, and that Wireless Xcessories compensate OtterBox and be enjoined accordingly;

C. For a preliminary and permanent injunction to be issued against Wireless Xcessories and their servants, agents, employees, successors and assigns, and all persons acting in concert or privity with them, enjoining each of them, singly and collectively from: (a) using the OtterBox Marks or any mark confusingly similar thereto; and (b) further holding themselves out to the public as being affiliated with or sponsored by OtterBox in any manner, or committing any acts likely to imply any such relationship or affiliation;

D. That OtterBox be awarded its damages and Wireless Xcessories' profits attributable to Wireless Xcessories' unfair competition and infringement of the OtterBox Marks and under 15 U.S.C. § 1117(a);

E. Pre- and post-judgment interest;

F. For its reasonable attorney's fees, costs, and expenses, including expert witness fees; and

G. For such other and further relief as the Court deems just and proper.

Dated October 23, 2015.

        Brownstein Hyatt Farber Schreck, LLP

        *s/ Lauren E. Schmidt*
        Lauren E. Schmidt, Colo. Atty. Reg. No. 37002
        Kerry LeMonte, Colo. Atty. Reg. No. 42447
        Elizabeth G. Tillotson, Colo. Atty. Reg. No. 48254
        **Counsel for Plaintiff Otter Products, LLC**

<u>Plaintiff's Address:</u>
209 S. Meldrum Street
Fort Collins, CO  80521

013970\0015\13581078



My Account  Returns  Contact Us

DATE FILED: October 23, 2015 2:36 PM
FILING ID: 9563E8737C434
CASE NUMBER: 2015CV30911

Shopping Cart — Log in for cart details

Need help? (215) 322-4600

| Home | New Products | Overstock Sale | $4.99 and Less | Carrier | Manufacturer | Brand | Category |

Search  All Products   Please Log In To Search   Go

**Account Login**

* Email Address

* Password

Log in

I forgot my password

**Register**

Register Now

▶ Carrier
   AIO
   ATT





**EXHIBIT 1**
to Complaint and Jury Demand, *Otter Products, LLC v. Wireless Xcessories Group, Inc.*;
District Court, Larimer County, Colorado; October 23, 2015

http://www.wirexgroup.com/                                          Friday, October 23, 2015

- Boost
- Cricket
- MetroPCS
- Ntelos
- PTCI
- Sprint
- T-Mobile
- U.S. Cellular
- Verizon Wireless
- Virgin Mobile
- ▸ Phone & Tablet Manufacturer
- ▸ Product Brand
- ▸ Category









